**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DV Injury Law PLLC,

                    Plaintiff,          Case No. 24-cv-12772

v.                                      Judith E. Levy
                                        United States District Judge
Tort Private Investigations LLC, *et
al.*,                                   Mag. Judge Anthony P. Patti

                    Defendants.

_____/

**ORDER VACATING ORDER TO SHOW CAUSE [3]**

Plaintiff filed the complaint in this matter on October 19, 2024.
(ECF No. 1.) The Court issued an Order for Plaintiff to Show Cause Why
the Case Should Not Be Dismissed for Lack of Subject Matter
Jurisdiction on November 4, 2024 ("Order to Show Cause"). (ECF No. 3.)
In the Order to Show Cause, the Court noted that Plaintiff failed to
properly allege Defendants' citizenship. Plaintiff did not indicate the
citizenship of each member of Defendants Tort Private Investigations,
LLC ("TPI"), Tort Concierge Integrated ("TCI"), and Bentley Consulting,
LLC ("Bentley"), as is required for limited liability companies. (*Id.* at

PageID.19.) Additionally, the Court explained that Plaintiff did not properly assert the citizenship of individual Defendants David Bauman and Sarah Hale Bauman, because Plaintiff failed to assert these Defendants' domicile. (*Id.* at PageID.20–21.) It noted that it was unclear whether there was federal question jurisdiction because of the way Plaintiff asserted a Racketeer Influenced Corrupt Organization Act ("RICO") claim. (*Id.* at PageID.21.) The Court also ordered Plaintiff to file an amended complaint that complied with Eastern District of Michigan Local Rule 5.1(a)(2). (*Id.* at PageID.22.)

Plaintiff timely filed a response to the Order to Show Cause. (ECF No. 4.) Its response did not cure any of the deficiencies the Court noted in the Order to Show Cause. With respect to TPI, TCI, and Bentley, Plaintiff once again failed to name each member of each LLC and assert these members' citizenship. (*Id.* at PageID.25.) With respect to Defendants David Bauman and Sarah Hale Bauman, Plaintiff once again asserted their residency rather than where they are domiciled. (*Id.*) Plaintiff's response to the Order to Show Cause did not mention federal question jurisdiction or its RICO claim. This non-compliant response failed to satisfy the Order to Show Cause.

2

On November 19, 2024, Plaintiff filed its First Amended Complaint. (ECF No. 5.) In the First Amended Complaint, Plaintiff clearly asserted a RICO claim under federal law. (*Id.* at PageID.29, 64–66.) "Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citing *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018)). "In determining whether an action 'arises under' federal law, [the Court is] governed by the well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Although Plaintiff's response to the order to show cause failed to establish subject matter jurisdiction, the First Amended Complaint establishes federal question jurisdiction by explicitly asserting claims under federal law. Accordingly, the Court's Order to Show Cause is satisfied and is vacated.

IT IS SO ORDERED.

Dated: November 21, 2024                    s/Judith E. Levy
    Ann Arbor, Michigan                     JUDITH E. LEVY
                                            United States District Judge

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2024.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager