UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| DV INJURY LAW, PLLC, DN INJURY LAW FIRM LLP, and HAH, LLP,<br><br>    Plaintiffs,<br><br>v.<br><br>TORT PRIVATE INVESTIGATIONS, LLC, DAVID BAUMAN, SARAH HALE BAUMAN, and BENTLEY CONSULTING, LLC,<br><br>    Defendants. | Case No.: 5:24-cv-12772-JEL-APP |

**SPECIALLY APPEARING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, IN THE ALTERNATIVE, ON FORUM NON CONVENIENS GROUNDS**

Defendants TORT PRIVATE INVESTIGATIONS, LLC, DAVID BAUMAN, SARAH HALE BAUMAN, and BENTLEY CONSULTING, LLC (together "Specially Appearing Defendants"), specially appearing, hereby move to dismiss the Amended Complaint filed by Plaintiffs DV INJURY LAW PLLC, DV INJURY LAW FIRM LLP, and HAH LLP (together, "Plaintiffs"). This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) and the forum non conveniens doctrine on the grounds that the Amended Complaint fails to allege facts to establish personal jurisdiction in Michigan and that California is the proper forum.

Pursuant to Local Rule 7.1(a), the undersigned certifies that counsel for Specially Appearing Defendants attempted to contact counsel for Plaintiffs regarding the substance of this motion on January 20 and 21. The parties spoke briefly on January 21, but counsel for Plaintiff was unavailable to have a fully substantive conversation at that time. During that brief communication, counsel for Specially Appearing Defendants informed Plaintiffs' counsel of the general grounds for this motion and of Specially Appearing Defendants' intent to bring it.

WHEREFORE, Specially Appearing Defendants respectfully request that the Court dismiss the Amended Complaint for lack of jurisdiction and for improper forum.

Dated: January 21, 2025

    s/Alexis S. Gutierrez
Alexis S. Gutierrez (SBN190487)
agutierrez@higgslaw.com
Steven M. Brunolli (SBN331694)
brunollis@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
(619) 236-1551

*Attorneys for Defendants TORT PRIVATE INVESTIGATIONS, LLC, DAVID BAUMAN, SARAH HALE BAUMAN, and BENTLEY CONSULTING, LLC*

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court can exercise general or specific personal jurisdiction over Specially Moving Defendants, where they are all residents of or entities based in California, and where the conduct alleged in the Amended Complaint occurred in California.

**Specially Appearing Defendants' Answer: No**

2. Whether this Court should dismiss Plaintiffs' Amended Complaint under the forum non conveniens doctrine, where the witnesses and evidence are in California, where the Amended Complaint seeks to enforce California law, and where California has an interest in regulating the practice of law within its borders.

**Specially Appearing Defendants' Answer: Yes**

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

U.S. Const. Amend XIV

Fed. R. Civ. Proc 12(b)(2)

Mich. Comp. Laws §§ 600.701, 600.705, 600.711, 600.715

Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007)

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)

Corey v. Cook & Co., 3 Mich. App. 359, 362 (1966)

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)

Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997)

Zions First Nat. Bank v. Moto Diesel Mexicana, S.A. de C.V., 629 F.3d 520, 523 (6th Cir. 2010)

**SPECIALLY APPEARING DEFENDANTS' BRIEF IN SUPPORT OF MOTION**

Defendants TORT PRIVATE INVESTIGATIONS, LLC, DAVID BAUMAN, SARAH HALE BAUMAN, and BENTLEY CONSULTING, LLC (together "Specially Appearing Defendants"), specially appearing, hereby submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Amended Complaint filed by Plaintiffs DV INJURY LAW PLLC, DV INJURY LAW FIRM LLP, and HAH LLP (together, "Plaintiffs").

**I.     INTRODUCTION**

Plaintiffs have asserted several causes of action against Specially Appearing Defendants arising out a business arrangement, whereby Specially Appearing Defendants assisted Plaintiffs in the "work up" of mass tort cases. Critically, the Amended Complaint confirms that Specially Appearing Defendants' "only place of business" is in **California** and that performance of Specially Appearing Defendants' duties under the business arrangement all occurred in **California**. Moreover, the Amended Complaint seeks to enforce California law—California *criminal law*—and seeks to redress Specially Appearing Defendants' purported unlicensed practice of law ***in California***. Plaintiffs' Amended Complaint should be dismissed for two reasons

First, Plaintiffs have utterly failed to allege this Court has personal jurisdiction over Specially Appearing Defendants, all of which are either California residents or entities. In fact, all of the allegations confirm that the contracts at issue (and Specially Appearing Defendants' other purported conduct) all occurred *in California*. The *only* connection to Michigan alleged in the Amended Complaint is that Specially Appearing Defendants' contracted with Plaintiffs, who *are* Michigan entities. However, both Michigan and federal law confirm that merely contracting with a forum entity is insufficient to confer jurisdiction, when the contract itself is performed and breached in another forum.

Second, the Amended Complaint should be dismissed pursuant to the doctrine of forum non conveniens, so that it may be brought in the proper forum, *California*. The doctrine applies where, like here, the evidence and witness are in another forum, where that alternate forum is

suitable and has an interest in the litigation, and where the plaintiff seeks to enforce that alternate forums laws.  All those factors apply to Plaintiffs' Amended Complaint, and it should therefore be dismissed on that independent basis as well.

## II.     PROCEDURAL BACKGROUND

Plaintiffs filed the operative Amended Complaint on November 19, 2024.  Amend. Compl., ECF No. 5 ("AC").  The AC alleges—in only *general* terms—that Plaintiffs "came into contact" with Defendants David Bauman and Sarah Hale Bauman, who were "working as attorneys at a **California** law firm at the time."  AC ¶ 10 (boldface added).  The Baumans then formed Defendant Bentley Consulting, LLC—a **California-based** LLC—to assist Plaintiffs with Camp Lejeune and Hair Relaxer mass tort litigation.  AC ¶¶ 7, 12.  Bentley Consulting would oversee the investigation and work-up performed by Tort Private Investigations, LLC—another **California-based** LLC (allegedly owned by the Baumans).  AC ¶¶ 4, 15, 18-21.  Plaintiffs allege (again, in only general terms) that Specially Appearing Defendants defrauded Plaintiffs by concealing the relationship between all the parties and by billing for work that was never performed.  AC ¶¶ 18-20, 26.  Critical to this motion, the AC confirms that the contracts in this case were performed in **California**.  (AC ¶¶ 184-193.)

The AC alleges causes of action for (1) violations under the Racketeer Influenced Corrupt Organization Act ("RICO," 18 U.S.C. 1961-1968) (AC ¶¶ 149-157), (2) violations of **California** Civil Code section 3294 and **California** Penal Code section 496 (AC ¶¶ 158-162), (3) breach of contract (AC ¶¶ 163-166), (4) fraudulent misrepresentation (AC ¶¶ 167-172), (5) tortious interference (AC 173-176), (6) breach of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") (AC ¶¶ 177-182), and (6) declaratory relief (AC ¶¶ 183-193).

### III.     DISCUSSION

#### A.     Plaintiffs Fail to Allege Facts Supporting Personal Jurisdiction

##### 1.     Legal Standard

It is well-established that "the plaintiff always bears the burden of establishing that jurisdiction exists." Serras v. First Tennessee Bank Nat. Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). In ruling on a motion to dismiss for lack of personal jurisdiction, the Court has three alternatives: "[it] may determine the motion on the basis of affidavits [or pleadings] alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Id. In the face of a properly supported motion to dismiss, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." SFS Check, LLC v. First Bank of Delaware, 990 F. Supp. 2d 762, 769–70 (E.D. Mich. 2013), aff'd, 774 F.3d 351 (6th Cir. 2014). Dismissal is proper on the pleadings alone "if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

In diversity cases, a district court may only exercise personal jurisdiction "if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003)  Under Michigan law, courts must first determine whether the state's long-arm statute has been satisfied; if so, only then does the federal due process analysis come into play. Sullivan v. LG Chem, Ltd., 79 F.4th 651, 666 (6th Cir. 2023) (disapproving of prior federal case law holding Michigan's long-arm statute is coextensive with federal due process). Under both analyses, a district court may exercise either "all-purpose," *general* jurisdiction or "case-linked," specific jurisdiction. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011); Mich. Comp. Laws §§ 600.701, 600.705, 600.711, 600.715.

### 2. Michigan's Long-Arm Statute

#### (a) General Jurisdiction

Michigan law allows for general jurisdiction over individuals if the individual (1) was present in the state at the time when process was served, (2) is domiciled in the state, or (3) consents to jurisdiction. Mich. Comp. Laws § 600.701. General jurisdiction may be asserted over a corporation that (1) is incorporated in the state, (2) consents to jurisdiction, or (3) has a "continuous and systemic part of its general business within the state." Mich. Comp. Laws § 600.711

The AC does not allege facts to support general jurisdiction. In fact, the AC *confirms* the requirements for general jurisdiction *do not exist*. *See* AC ¶¶ 4 (confirming Defendant Tort Private Investigations, LLC is a California LLC), 5 (confirming Defendant David Bauman is a California resident), 6 (confirming Defendant Sarah Hale Bauman is a California resident), 7 (Confirming Defendant Bentley Consulting, LLC is a California LLC), 185-190 (confirming the contracts at issue were performed in California.) By way of this motion, Specially Appearing Defendants are challenging personal jurisdiction, and, therefore, do not otherwise consent to jurisdiction of this Court. Accordingly, there is no ground for this Court to assert general personal jurisdiction over Specially Appearing Defendants.

#### (b) Limited Personal Jurisdiction

Michigan law allows for "limited personal jurisdiction" (the equivalent of federal specific jurisdiction) over an individual where the individual's actions create any of the following relationships:

> (1) The transaction of any business **within the state**.
>
> (2) The doing or causing an act to be done, or consequences to occur, **in the state** resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated **within the state**.
>
> (4) Contracting to insure a person, property, or risk located **within this state** at the time of contracting.

> (5) Entering into a contract for services to be rendered or for materials to be furnished **in the state** by the defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or **having its principal place of business within this state**.
>
> (7) Maintaining a **domicile in this state** while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Mich. Comp. Laws § 600.705 (boldface added). The first four items on that list similarly apply to limited personal jurisdiction over corporations. Mich. Comp. Laws § 600.715.

Michigan law is clear that merely contracting with a Michigan person or entity, by itself, is not sufficient. Rather, as the plain language of the statute confirms, the contract must be "to furnish materials or perform services in [Michigan]." Corey v. Cook & Co., 3 Mich. App. 359, 362 (1966); see e.g. First Nat. Monetary Corp. v. Chesney, 514 F. Supp. 649, 654 (E.D. Mich. 1980) (holding Michigan did not have personal jurisdiction over California residents in breach of contract action, where contract was entered into in California and performed in California).

Here, while the AC is generally vague, the allegations supporting the declaratory relief action confirm that the contract was performed in California. See AC ¶¶ 187 (alleging Defendants were "practicing law in California despite the fact they were not licensed California attorneys"), 188 (confirming Defendants' "only place of business in California"), 189 (alleging that Defendants' conduct violated the California Rules of Professional Conduct). Indeed, Plaintiff asserts a cause of action under California Penal Code section 496, which necessarily requires conduct to have occurred in the state. See Cal. Pen. Code § 27 (providing that the penal code applies where the crime was committed "in whole or in part" in California). There is not a *single* allegation tying the conduct of Specially Appearing Defendants to Michigan other than the fact that Plaintiffs are Michigan entities. Michigan law is clear that such contacts are not sufficient to assert jurisdiction. Accordingly, the requirements for limited jurisdiction under the Michigan long-arm statute are not met, and Plaintiffs' AC must be dismissed.

### 3. Federal Due Process

Because the Amended Complaint fails to allege facts sufficient to establish threshold jurisdiction under the Michigan long-arm statute, the federal due process analysis is irrelevant. Regardless, and out of an abundance of caution, Specially Appearing Defendants provide the law and analysis for the Court.

#### (a) General Jurisdiction

A district court may exercise general jurisdiction over a defendant if the defendant's contacts with the forum state are "continuous and systematic." Goodyear, 564 U.S. at 919. With respect to individuals, general jurisdiction is typically found where "the defendant is present in the state at the time process is served, consents to the state's jurisdiction, or is domiciled in the state." SFS Check, LLC v. First Bank of Delaware, 990 F. Supp. 2d 762, 770–71 (E.D. Mich. 2013), aff'd, 774 F.3d 351 (6th Cir. 2014). With respect to corporations, general jurisdiction arises when the corporation's contacts with the state "are so 'continuous and systematic' as to render them essentially at home in the forum state. Goodyear, 564 U.S. at 919.

The general jurisdiction analysis under federal due process is the same as for general jurisdiction under Michigan law: not only do Plaintiffs fail to allege facts for general jurisdiction, their AC *confirms* that general jurisdiction *cannot* exist. See AC ¶¶ 4-5, 185-190.

#### (b) Specific Jurisdiction

Specific jurisdiction allows a district court to assert jurisdiction over a defendant for actions arising out of the defendant's forum-related activities. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). The Sixth Circuit uses a three-part test to determine whether to exercise specific jurisdiction over an out-of-state defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007) (quoting S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir.1968)).

"[P]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities." Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 478 (6th Cir. 2003). Thus, "purposeful availment" can only be found where the "defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State, and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" Id. (emphasis in original)

Under federal jurisprudence, like under Michigan law, it is well-settled that merely contracting with a Michigan party, alone, is insufficient to confer jurisdiction in Michigan where the defendant is out of state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); e.g. Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997) ("The mere fact that Paragon entered into a contract with a Michigan corporation does not mean that Paragon purposefully availed itself of the "benefits and protections" of Michigan law."). Moreover, the fact that some of the conversations regarding contract formation may have occurred in Michigan "is not of controlling significance," where the contract is performed out of state. LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir. 1989)  Such considerations are "precisely the sort of 'random,' 'fortuitous' and 'attenuated' contacts that the [U.S. Supreme Court] rejected as a basis for haling non-resident defendants into foreign jurisdictions." Id.; see also e.g. First Nat. Monetary Corp. v. Chesney, 514 F. Supp. 649, 654 (E.D. Mich. 1980) (holding due process would not support Michigan personal jurisdiction over

California residents in breach of contract action, where contract was entered into in California and performed in California).

The analysis, here, is also the same as the analysis under Michigan law. That is, the AC fails to allege a single contact with Michigan, other than the contracts having Michigan parties on one side. Where, like here, the conduct alleged in the complaint all occurs *outside of the forum*, the mere signing of a contract with a forum entity is insufficient to exercise specific jurisdiction. Put another way, to exercise personal jurisdiction over these Specially Appearing Defendants would not just violate Michigan law, it would violate due process itself. Accordingly, Plaintiffs AC must be dismissed.

**B.    Michigan Is a Forum Non Conveniens**

"A dismissal upon the grounds of forum non conveniens is justified when a defendant establishes [(1)] that an adequate alternative forum is available and [(2)] that the public and private factors . . . demonstrate that the chosen forum is unnecessarily burdensome to a defendant or a district court." Zions First Nat. Bank v. Moto Diesel Mexicana, S.A. de C.V., 629 F.3d 520, 523 (6th Cir. 2010). Those factors are: "access to witnesses and evidence, availability of compulsory process, cost of obtaining witnesses, administration difficulties for the trial court, local interest in the litigation, and the law applicable to the controversy." Id.

The first prong of the analysis is easily satisfied here (even though the Court must give deference to Plaintiffs' choice of a home forum) because California is undeniably an adequate alternative forum. See e.g. Complete Bus. Servs. Inc. v. Hypercel Corp., No. 09-13518, 2010 WL 11652150, at *5 (E.D. Mich. Feb. 2, 2010) (finding California was an adequate alternative forum and granting motion to dismiss for forum non conveniens in breach of contract action, where defendant was a California corporation and contract was performed in California).

The second prong is also satisfied because each of the "public and private factors" weighs in favor of this case being brought in California: As the AC confirms, Specially Appearing Defendants' "only place of business" was in California, so all of the witness and evidence are more available in California. By that same token, those witnesses would be subject to

compulsory process in California, but *not* in Michigan.  Ann Arbor Bank v. Weber, 338 Mich. 341, 345 (1953) ("The Michigan court would have no judicial authority to subpoena defendant, who was not in Michigan, to attend the session of a Michigan court.").  Plaintiffs are seeking to enforce California criminal law and its Rules of Professional Conduct, so Michigan has little interest in the case, while California has a great interest.  See e.g. Sarah v. Google LLC, No. 1:23-CV-223, 2023 WL 6618266, at *5 (W.D. Mich. Oct. 11, 2023) (enforcing contractual California forum selection clause but still analyzing forum non conveniens factors: "While Michigan certainly has an interest in harm done to its citizens, California also has an interest in resolving disputes that arise from its citizens' actions and platforms."); cf. People v. Betts, 34 Cal. 4th 1039, 1046, 103 P.3d 883, 886 (2005) ("It long has been established that a state will entertain a criminal proceeding only to enforce its own criminal laws, and will not assume authority to enforce the penal laws of other states or the federal government through criminal prosecutions in its state courts.")  And, finally, the Supreme Court has opined that the proper forum should be where the operative law applies, which is California.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.").

      Accordingly, all of the factors weigh in favor of this case being brought in California instead of Michigan,, and Plaintiffs' AC should therefore be dismissed pursuant to the doctrine of forum non conveniens.

## IV. CONCLUSION

For those reasons, Specially Appearing Defendants, specially appearing only to challenge jurisdiction and forum, respectfully request this Court to grant their Motion to Dismiss Plaintiffs' Amended Complaint.

Dated: January 21, 2025

                                        s/Alexis S. Gutierrez
Alexis S. Gutierrez (SBN190487)
agutierrez@higgslaw.com
Steven M. Brunolli (SBN331694)
brunollis@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
(619) 236-1551

*Attorneys for Defendants* TORT PRIVATE INVESTIGATIONS, LLC, DAVID BAUMAN, SARAH HALE BAUMAN, and BENTLEY CONSULTING, LLC