UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

DV INJURY LAW, PLLC; and HAH, LLP,

Plaintiffs,

v.

TORT PRIVATE INVESTIGATIONS, LLC; DAVID BAUMAN; SARAH HALE BAUMAN; and BENTLEY CONSULTING, LLC,

Defendants.

Case No.: 5:24-cv-12772-JEL-APP

Justice Judith E. Levy

**SPECIALLY APPEARING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, FORUM NON CONVENIENS**

NOW COMES SPECIALLY APPEARING DEFENDANTS TORT PRIVATE INVESTIGATIONS, LLC; DAVID BAUMAN; SARAH HALE BAUMAN; and BENTLEY CONSULTING, LLC, by and through their attorneys, and for their Reply Brief in Support of their Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Forum Non Conveniens, state as follows:

## I. INTRODUCTION

Specially Appearing Defendants explained in their moving papers that Plaintiffs' Amended Complaint (ECF No. 7) fails to allege sufficient facts to establish personal jurisdiction. Plaintiffs' Opposition fails to cure those defects and instead argues, in essence, that because some phone calls and emails were made from Michigan, Michigan courts can exert even *general jurisdiction* over Specially Appearing Defendants. Case law confirms those are precisely the sort of "fortuitous" connections that *cannot* serve as the basis for Personal Jurisdiction.

## II. ADDITIONAL FACTS

Concurrent with this Reply, and to rebut Plaintiffs' ***unauthenticated*** exhibits (see, infra, section III.C.1.), Specially Appearing Defendants submit the declarations of David Bauman (Exhibit A) and Sarah Bauman (Exhibit B). Those declarations confirm critical facts left out of both the Amended Complaint and the Opposition. Specifically, those affidavits confirm: (1) Plaintiffs initiated contact ***in person*** with Specially Appearing Defendants *in California*; (2) the contracts were negotiated largely ***in person*** in California; (3) none of the work performed by Specially Appearing Defendants occurred in Michigan; (4) the parties did not contemplate purposefully directing their activities at Michigan specifically, envisioning instead a nationwide operation; (5) Specially Appearing Defendants had no expectation that any specific future client of Plaintiffs would come from Michigan, and (6) neither Mr. Bauman nor Ms. Bauman (or any employee of TPI or Bentley) ever travelled to Michigan as part of the arrangement.

## III. DISCUSSION

### A. Specially Appearing Defendants' Motion Is Not Untimely

Plaintiffs' opening argument is that Specially Appearing Defendants' Motion is untimely because it should have been filed by January 24, 2025. Oppo. 10. Plaintiffs ignore the procedural posture of this case. Specially Appearing Defendants' timely filed their Motion on January 21, 2024. ECF No. 13. However, that motion was dismissed on procedural grounds to amend the Local Rule 7.1 statement of concurrence. ECF No. 17. As detailed in the more comprehensive statement in the second-filed motion, counsel reached out to Plaintiffs' counsel *multiple times* before and after filing, but Plaintiffs *continually* represented that they would return counsel's call and never did. ECF No. 22 at 2. Instead, Plaintiffs filed *multiple* attempts to obtain default judgment against Specially Appearing Defendants. ECF Nos. 18-21. Accordingly, any delay in the formal filing of this motion was caused by Plaintiffs and was evidently part of some effort to game a default judgment.

In any event, the 21-day rule cited by Plaintiffs applies to the time to file a responsive pleading—i.e., an *answer*. Fed. R. Civ. P. 12(a)(1)(A)(i) (A Defendant must serve an answer: within 21 days after being served with the summons and complaint . . . ."). The rules provide, however, that a *motion* asserting a 12(b) defense need only "be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Because the Motion here was filed *before* any other responsive pleading, it is timely. See Hedeen Int'l, LLC v. Zing Toys, Inc., 811 F.3d 904, 906 (7th Cir. 2016) ("Under a straightforward reading of Rule 12, a challenge to personal jurisdiction may be asserted either in a responsive pleading filed within 21 days, or in a motion with no similar time limit specified."); Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 997 (1st Cir. 1983) (same) Aetna Life Ins. Co. v. Alla Med. Servs., Inc., 855 F.2d 1470, 1474 (9th Cir. 1988) (same).

### B. Plaintiffs Misrepresent the Procedure on a Rule 12(b)(2) Motion

Plaintiffs brazenly and incorrectly state that "a defendant ***must*** attach evidence in support" of a Rule 12(b)(2) motion to dismiss. Oppo., 11 (bold original). To the contrary, the "procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled" and is precisely *the opposite*. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991) That is, the *plaintiff* bears the initial burden of making a prima facie showing of personal jurisdiction, and the burden *only* shifts to the defendant if the plaintiff satisfies that showing (which neither the Amended Complaint nor the Opposition does). Malone v. Stanley Black & Decker, Inc., 965 F.3d 499, 504 (6th Cir. 2020). E.g. Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997) (affirming motion to dismiss where neither the complaint nor the affidavits in support of opposition to motion to dismiss satisfied prima facie showing).

Moreover, Plaintiffs have cited *no authority* for the proposition that a party cannot submit affidavits with its reply to rebut affidavits submitted with an opposition. See e.g. Theunissen, 935 F.2d at 1457-57 (considering evidence submitted with reply brief). And, of course, this Court *can* consider the reply evidence, because the procedure of *how* to resolve this Motion, including whether to hold an evidentiary hearing, is left to the Court's discretion. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

### C. Plaintiffs Have Not Established Personal Jurisdiction

Given the relative closeness in the analysis, Specially Appearing Defendants focus their discussion on federal due process because "a defect of this type would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would otherwise permit it." Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991) To that end, Plaintiffs' Opposition fails to cure any of the manifest defects in their Amended Complaint.

**1. Plaintiffs Exhibits Are Unauthenticated Hearsay**

Plaintiffs have submitted several exhibits in support of their Opposition. However, Plaintiffs have not submitted a *single affidavit* authenticating any of those exhibits. Accordingly, the exhibits are "unauthenticated hearsay," which the Court should not consider. See e.g. In re Auto. Parts Antitrust Litig., No. 2:16-CV-13968, 2018 WL 11358748, at *5 (E.D. Mich. Sept. 28, 2018) (granting motion to dismiss for lack of personal jurisdiction and declining to consider unauthenticated exhibits); In re Auto. Parts Antitrust Litig., No. 12-MD-02311, 2019 WL 7593836, at *2 (E.D. Mich. June 4, 2019) (denying motion for reconsideration and collecting cases explaining why unauthenticated evidence could not be considered).

**2. Plaintiffs Have Not Established General Jurisdiction**

While Plaintiffs discuss the Michigan long-arm statute, they fail to address federal due process with respect to general jurisdiction whatsoever. As such, they have seemingly conceded the merits of Specially Appearing Defendants' argument. In any event, neither the Amended Complaint nor the sparse affidavits submitted with Plaintiffs' Opposition make out a prima facie case for general personal jurisdiction. To briefly reprise, a court's exercise of general personal jurisdiction can only satisfy due process (*and* the Michigan long-arm statute) where the "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005)

Here, the Amended Complaint fails to allege any contact with Michigan *at all,* let alone sufficient contacts to allow the Specially Appearing Defendants to be haled into a Michigan court on *any matter*. Moreover, Plaintiffs' evidence submitted with their Opposition only shows that *some calls and emails* were made from Michigan to Specially Appearing Defendants in California. See generally Oppo. Ex E. As discussed in the following section, those types of

contacts are not sufficient for even specific jurisdiction to attach, so they absolutely cannot support a finding of *general* jurisdiction. Accordingly, Plaintiffs have not established (or even *tried to establish*) a prima facie showing of general jurisdiction. Malone v. Windsor Casino Ltd., 14 F. App'x 634, 636 (6th Cir. 2001) (affirming dismissal of complaint where plaintiff failed to allege sufficient facts for general jurisdiction, relying instead on specific jurisdiction).

**3. Plaintiffs Have Not Established Specific Jurisdiction**

The entire crux of Plaintiffs' Opposition—while not well-articulated—is that limited, specific jurisdiction supposedly lies because Plaintiffs (which are Michigan entities) made some phone calls and emails from Michigan and because *some* of the potential clients of Plaintiffs resided in Michigan. See Oppo. 16-18, 20-21, Ex D ¶¶ 9-10, Ex. E ¶¶ 9-12, 15, Ex. F ¶¶ 8-9, Ed. G ¶ 4) As explained in the moving papers, binding authority confirms that such tenuous contacts cannot serve the basis for specific jurisdiction.

For example, in Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147 (6th Cir. 1997) a Michigan steel company (Kerry Steel) approached an Oklahoma pipe fabricator (Paragon) with an offer to sell Paragon a large amount of steel coils. Id. at 148. Paragon took possession of the steel coils—located in a warehouse in Illinois—but refused to pay, and the steel company sued in Michigan. Id. The steel company argued (just like Plaintiffs here) that Michigan had jurisdiction because (1) Paragon requested the pipes be shipped from Michigan to Illinois, (2) the agreement was initiated by the steel company from Michigan, and (3) the negotiations took place by phone, with the steel company principals located in Michigan. Id. at 149.

The Sixth Circuit declined to find specific jurisdiction—ruling *it was not even a close call* and citing facts eerily similar to this case:

> Paragon has no employees or offices in Michigan, and there has been no showing that any Paragon employee has ever been in Michigan for the purpose of conducting business there. It was Kerry

> Steel that initially contacted Paragon in Oklahoma—and Paragon responded without leaving home, as it were.
>
> . . . . .
>
> The mere fact that Paragon entered into a contract with a Michigan corporation does not mean that Paragon purposefully availed itself of the "benefits and protections" of Michigan law. As the Court explained in *Burger King*, 471 U.S. at 478, "an individual's contract with an out-of-state party alone" cannot "automatically establish minimum contacts."
>
> It is immaterial that Paragon placed telephone calls and sent faxes to Kerry Steel in Michigan. To borrow language employed by this court in LAK, 885 F.2d at 1301, "[t]he telephone calls and letters on which the plaintiff's claim of jurisdiction primarily depends strike us as precisely the sort of 'random,' 'fortuitous' and 'attenuated' contacts that the Burger King Court rejected as a basis for haling non-resident defendants into foreign jurisdictions." Id. at 1300. See also Scullin Steel Co. v. National Ry. Utilization Corp., 676 F.2d 309, 314 (8th Cir.1982) ("***The use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process***").

Id. at p. 151. See also Khalaf v. Bankers & Shippers Ins. Co. (1978) 404 Mich. 134, 153–154 (rejecting argument that insurance agent in Illinois should have "reasonably foreseen" that there may be claimants in Michigan and declining to find sufficient minimum contacts).

Here, the analysis is the same. Plaintiffs approached Specially Appearing Defendants in person and *in California*. Exs. A, B. The arrangement between the parties was negotiated *in California*., and the contract was performed *in California*. Id. The parties did not direct the operation of their joint venture at Michigan but instead contemplated a nationwide venture. Id. Specially Appearing Defendants have *no other ties* to Michigan other than the contract with Plaintiffs. Id. In fact, David Bauman and Sarah Bauman have *no* individual ties to Michigan. Id. Accordingly, there are insufficient contacts to exercise personal jurisdiction over Specially Appearing Defendants.

    ### D. Plaintiffs' Response to the Forum Non Conveniens Motion is Nonsensical

Plaintiffs *only* argument in support of a Michigan forum is that "approximately 137 known claimants that Defendants were meant to service" were located in Michigan. Oppo. 23. There are several problems with that argument. First, the "137" number is irrelevant because Plaintiffs did not substantiate what part of the *total* clients that represents. Second, those supposed witnesses are not at all relevant to the causes of action alleged in the Amended Complaint. Third, Plaintiffs ***completely ignore*** the other prongs of the analysis—for example, that they are attempting to assert California law in a foreign jurisdiction. Accordingly, Plaintiffs' singular argument should be disregarded.

## IV. CONCLUSION

For those reasons, and those in the moving papers, this case should be dismissed, so it can be brought in the proper locale: California. If the Court is inclined to deny the Motion, Specially Appearing Defendants request instead that it set the matter for an evidentiary hearing.

Dated: March 5, 2025

s/Alexis S. Gutierrez

Alexis S. Gutierrez
agutierrez@higgslaw.com
Steven M. Brunolli
brunollis@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
(619) 236-1551

*Attorneys for TORT PRIVATE INVESTIGATIONS, LLC; DAVID BAUMAN; SARAH HALE BAUMAN; and BENTLEY CONSULTING, LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

DV INJURY LAW, PLLC, DN INJURY LAW FIRM LLP, and HAH, LLP,

Plaintiffs,

v.

TORT PRIVATE INVESTIGATIONS, LLC, DAVID BAUMAN, SARAH HALE BAUMAN, and BENTLEY CONSULTING, LLC,

Defendants.

Case No.: 5:24-cv-12772-JEL-APP

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 401 West A Street, Suite 2600, San Diego, CA 92101-7910.

On March 5, 2025, I served true copies of the following document(s) described as: **SPECIALLY APPEARING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, FORUM NON CONVENIENS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**[X] BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 5, 2025, at San Diego, California.

DENISE MENDOZA

# SERVICE LIST

Alexander A. Ayar
William C. DiSessa
Michael J. Petrus
Williams, Williams, Rattner & Plunkett, P.C.
380 N. Old Woodward Avenue
Suite 300
Birmingham, MI 48009

Attorney for Plaintiffs
248-642-0333
Fax: 248-642-0856
Email: aayar@wwrplaw.com
wcdisessa@wwrplaw.com
mpetrus@wwrplaw.com

Mark L. Teicher
Law Office of Mark L Teicher
32969 Hamilton Court
Suite 115
Farmington Hills, MI 48334

Attorney for Plaintiffs
248-420-9144
Fax: 248-957-9193
Email: marklteicher@aol.com