UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DV Injury Law, PLLC and HAH, LLP,

                Plaintiffs,

v.

Tort Private Investigations, LLC, David Bauman, Sarah Hale Bauman and Bentley Consulting, LLC,

                Defendants.

_____/

Case No. 24-cv-12772

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTION [41], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [40]**

Plaintiffs DV Injury Law, PLLC and HAH, LLP filed an amended complaint against Defendants David Bauman, Sarah Hale Bauman, Bentley Consulting, LLC ("Bentley"), and Tort Private Investigations, LLC ("TPI") on November 19, 2024 (ECF No. 5). On January 29, 2025, Defendants filed a motion to dismiss the amended complaint for lack of personal jurisdiction or, in the alternative, on *forum non conveniens* grounds (ECF No. 22). On July 31, 2025, Magistrate Judge Anthony P.

Patti issued a Report and Recommendation ("R&R") (ECF No. 40) recommending the Court deny Defendants' motion to dismiss.

Defendants filed one objection to the R&R (ECF No. 41), and Plaintiffs responded. (ECF No. 42.). For the reasons set forth below, the Defendants' objection (ECF No. 41) is OVERRULED. The R&R (ECF No. 40) is ADOPTED, and Defendants' motion to dismiss (ECF No. 22) is DENIED.

## I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on a dispositive motion, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893

F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

The R&R recommends denying Defendants' motion to dismiss, which seeks dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction or, in the alternative, under the doctrine of *forum non conveniens*. The R&R concludes, first, that the Court may exercise

specific personal jurisdiction over all Defendants. (ECF No. 40, PageID.1690–1699.) The R&R concludes, second, that Defendants' *forum non conveniens* argument is unsupported, and the case was properly brought in Michigan. (*Id.* at PageID.1699–1701.) Defendants do not object to the R&R's analysis of their *forum non conveniens* argument. Nor do they object to the R&R's analysis of personal jurisdiction as it applies to corporate Defendants, Bentley and TPI. Rather, Defendants object to the R&R's analysis of personal jurisdiction as it applies to individual Defendants, David Bauman and Sarah Hale Bauman.

The plaintiff bears the burden of establishing that the court can exercise personal jurisdiction over each defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In response to a motion to dismiss under Rule 12(b)(2), a plaintiff must "set forth specific facts showing that the court has jurisdiction." *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437 (6th Cir. 2022) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). Where a court decides the motion to dismiss without an evidentiary hearing, the plaintiff must make only a *prima facie* showing that personal jurisdiction exists. *Anwar v. Dow Chem. Co.*, 867 F.3d 841, 847 (6th Cir. 2017). Courts must view

the filings "in a light most favorable to the plaintiff and not weigh 'the controverting assertions of the party seeking dismissal.'" *Peters Broad. Eng'g, Inc.*, 40 F.4th at 438 (quoting *Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021)).

Personal jurisdiction can be "general" or "specific." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012). While general jurisdiction requires that a defendant have "continuous and systematic contact with the forum state, so that the courts may exercise jurisdiction over any claims a plaintiff may bring against the defendant," specific jurisdiction "grants jurisdiction only to the extent that a claim arises out of or relates to a defendant's contacts in the forum state." *Id.* at 678–79. In diversity cases, "[f]or specific jurisdiction to exist . . . two factors must be satisfied: the forum state long-arm statute, and constitutional due process." *Id.* at 679.

The R&R concludes, as to all Defendants, that specific personal jurisdiction "is clear in this case." (ECF No. 40, PageID.1691). In their objection, Defendants argue that the R&R fails to distinguish individual Defendants from corporate Defendants, instead engaging in personal jurisdiction analysis that "is general as to *all* Defendants." (ECF No. 41,

5

PageID.1707). As a result, Defendants argue, the R&R outlines "no facts . . . to support the exercise of limited personal jurisdiction over the *individual* Defendants." (*Id.* at PageID.1706.)

Defendants are mistaken. Assuming for the purposes of this motion that they are true, the specific facts alleged by Plaintiffs and outlined by the R&R show that individual Defendants actively and personally engaged in conduct giving rise to Plaintiffs' claim. These facts are sufficient to support specific personal jurisdiction over individual Defendants under both the Michigan long-arm statute and the Due Process Clause of the Fourteenth Amendment. Because it is clear that there is specific personal jurisdiction over individual Defendants under Michigan's long-arm statute, the Court need not address Plaintiffs' alternative argument that personal jurisdiction over individual Defendants is appropriate pursuant to 18 U.S.C. § 1965(b). (*See* ECF No. 42, PageID.1714–1715.)

### A. The Michigan Long-Arm Statute

In diversity cases, "a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Sullivan v. LG Chem.*, Ltd., 79 F.4th 651, 660 (6th Cir.

6

2023) (quoting *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021)). In Michigan, there must be a statutory basis for exercising long-arm jurisdiction over an out-of-state defendant. *Id.* at 666. Michigan law prescribes the conditions necessary to exercise general or specific personal jurisdiction over corporations or individuals. *See* Mich. Comp. Laws §§ 600.701, 600.705, 600.711, 600.715.

Defendants note that under Michigan law, general jurisdiction over an individual defendant "is typically found where 'the defendant is present in the state at the time process is served, consents to the state's jurisdiction, or is domiciled in the state.'" (ECF No. 41, PageID.1705 (quoting *SFS Check, LLC v. First Bank of Delaware*, 990 F. Supp. 2d 767, 770-71 (E.D. Mich 2013)).) Defendants thus conclude that "Plaintiff has alleged no basis for this Court's assertion of general jurisdiction over the individual Defendants." (*Id.*) However, the R&R at no point asserts general jurisdiction over individual Defendants. Rather, the R&R concludes that the Court has *specific* jurisdiction over Defendants. (ECF No. 40, PageID.1691 ("The Court need not discuss general personal jurisdiction because special or limited personal jurisdiction is clear in this case.").)

7

Sections 600.705 and 600.715 of Michigan's long-arm statute list the bases for *specific* personal jurisdiction over individuals and corporations respectively. Mich. Comp. Laws §§ 600.705, 600.715. Defendants do not deny that the Court may, consistent with § 600.715, exercise specific personal jurisdiction over corporate Defendants. Defendants stress, however, that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." (ECF No. 41, PageID.1706 (quoting *Flagstar Bank, FSB v. Centerpointe Fin., Inc.*, No. 10-14234, 2011 WL 2111984, at *3 (E.D. Mich. May 26, 2011)).) Thus, Defendants emphasize, the fact that corporate Defendants "do[] business in Michigan, without more, is insufficient for a court to assert personal jurisdiction over" individual Defendants. (*Id.* (quoting *SFS Check, LLC v. First Bank of Del.*, 990 F. Supp. 2d 767, 771 (E.D. Mich 2013)).)

As the R&R makes clear, however, jurisdiction over the individual Defendants is *not* predicated merely upon jurisdiction over the corporate Defendants. Section 600.705 enumerates various acts that give rise to specific personal jurisdiction over out-of-state individuals. *See* Mich. Comp. Laws § 600.705. In pertinent part, § 600.705(1) permits specific

8

personal jurisdiction over an out-of-state defendant who "transact[s] . . . any business within the state," and § 600.705(2) permits personal jurisdiction over a defendant who "caus[es] . . . consequences to occur[] in the state resulting in an action for tort." *Id.*

The language of § 600.705(1) is "quite broad." *Children's Legal Servs., PLLC v. Shor Levin & DeRita, PC*, 850 F. Supp. 2d 673, 681 (E.D. Mich. 2012) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1463-64 (6th Cir. 1991)). As the Sixth Circuit has repeatedly stated, "[t]he transaction of any business within the state" includes "the slightest act of business in Michigan." *See, e.g.*, *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002)). Thus, personal jurisdiction under § 600.705(1) has been found where, for example, a defendant exchanged correspondence and telephone calls with a plaintiff known to reside in Michigan. *See Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 906-907 (6th Cir. 1988). Similarly, § 600.705(1) has been satisfied where defendants were merely "aware they were engaging a lawyer in this State." *See Matthews v. Hussey*, No. 23-11133, 2023 WL 8788947, at *3 (E.D. Mich. Dec. 19, 2023).

9

The R&R outlines facts that more than satisfy this "slightest act of business" standard as relates to individual Defendants. According to the R&R, for example, the individual Defendants are alleged to have personally "represented to Plaintiffs that they would form a company, Bentley, for the purpose of consulting with Plaintiffs on mass tort cases," personally "formed Bentley . . . for the purpose of providing the promised services," and personally signed the contract with Plaintiffs (ECF No. 40, PageID.1685–1686.) Defendants allegedly did so knowing "that this would result in them providing services to the Michigan-based Plaintiffs and their prospective claimants, including approximately 137 claimants who resided in Michigan." (*Id.* at PageID.1696.)

The R&R also outlines facts that satisfy § 600.705(2) of Michigan's long-arm statute, which permits personal jurisdiction over a defendant who "caus[es] . . . consequences to occur[] in the state resulting in an action for tort." Mich. Comp. Laws § 600.705(2). Subsection 600.705(2) does not require that the tortious activity itself occur in Michigan—it "encompasses a defendant's 'acts outside the state which have consequences inside the state.'" *Sullivan*, 79 F.4th at 668 (quoting *Dornbos v. Kroger Co.*, 9 Mich. App. 515, 157 N.W.2d 498, 500 (Mich. Ct.

App. 1968)). "Consequences" may include any "adverse economic effect" on a Michigan plaintiff. *See Neogen Corp. v Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002). In *Fisher v. Blackmore*, 325 F. Supp. 2d 810, 814–15 (E.D. Mich. 2004), for example, § 600.705(2) was satisfied where a defendant made misrepresentations that induced the plaintiff to enter into a business relationship, and those misrepresentations resulted in the plaintiff suffering "significant monetary losses."

Here, the facts alleged resemble those in *Fisher*. Defendants allegedly "recommended that Plaintiffs hire TPI," and represented TPI "as having dozens of employees to fully service Plaintiffs' clients." (ECF No. 40, PageID.1686–1687; *see also* ECF No. 5, PageID.31 ("The Baumans told Plaintiffs that TPI had dozens of employees and support personnel and managers.").) As a result of this alleged misrepresentation by individual Defendants, "Plaintiffs discontinued their prior relationship with a nonparty entity that provided case management services," entered into a contract with TPI, and ultimately lost "clients and over $2,000,000 in payments to Defendants." (ECF No. 40, PageID.1687–1688.) As in *Fisher*, assuming Plaintiffs' allegations are

11

true, "such acts had consequences in Michigan that resulted in this tort action." 325 F. Supp. 2d at 814.

Accordingly, personal jurisdiction over individual Defendants exists under both § 600.705(1) and § 600.705(2) of the Michigan long-arm statute.

### B. The Due Process Clause of the Fourteenth Amendment

Having determined that the Michigan long-arm statute is satisfied, the Court must also determine that personal jurisdiction over individual Defendants is consistent with constitutional due process. *See Sullivan v. LG Chem.*, Ltd., 79 F.4th 651, 666 (6th Cir. 2023). The Due Process Clause requires that a defendant "have certain minimum contacts with" the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Sixth Circuit employs a three-part test to determine whether a defendant has minimum contacts with the forum state:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough

12

connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir. 1991).

As set forth previously, Defendants object that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." (ECF No. 41, PageID.1706 (quoting *Flagstar Bank, FSB v. Centerpointe Fin., Inc.*, No. 10-14234, 2011 WL 2111984, at *3 (E.D. Mich. May 26, 2011)).) In particular, Defendants emphasize that "the fact that a corporation does business in Michigan, without more, is insufficient for a court to assert personal jurisdiction over the directors and officers of that corporation." (*Id.* at PageID.1706 (quoting *SFS Check, LLC v. First Bank of Delaware*, 990 F. Supp. 2d 767, 770–71 (E.D. Mich 2013)).)

This objection is no more convincing in the context of constitutional due process than it is in the context of Michigan's long-arm statute. While it is true that jurisdiction over a corporation does not guarantee jurisdiction over that corporation's individual officers, it is also true that defendants' status as corporate officials "does not preclude the exercise of personal jurisdiction over those defendants" where they were "actively

13

and personally involved in the conduct giving rise to the claim." *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000).

Here, Plaintiffs allege that individual Defendants were "actively and personally involved in the conduct giving rise to the claim." *Id.* As set forth previously, Plaintiffs allege that individual Defendants personally made false representations that induced the Plaintiffs to enter into a business relationship with Defendants, knowing the relationship required them to provide services to Michigan-based Plaintiffs and over 100 prospective claimants located in Michigan. (ECF No. 40, PageID.1686–1688, 1696.) As a result of individual Defendants' misrepresentations, Plaintiffs discontinued their relationship with another case management service and ultimately lost clients and over $2,000,000 in payments to Defendants. (ECF No. 40, PageID.1687–1688.) Accepted as true, these facts satisfy the Sixth Circuit's three-part Due Process analysis.

First, individual Defendants "purposefully avail[ed themselves] of the privilege of acting in the forum state or causing a consequence in the forum state." *Theunissen*, 935 F.2d at 1460. Purposeful availment occurs "when the defendant personally takes actions that create a 'substantial

14

connection' with the forum state such that he can 'reasonably anticipate being haled into court there.'" *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 356 (6th Cir. 2014) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002)). Purposeful availment is generally found where, as here, individual defendants have personally communicated with a plaintiff who is known to reside in the forum state and have personally made misrepresentations that form the basis of the plaintiff's claim. *See, e.g.*, *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) (finding purposeful availment where an individual defendant's fraudulent statements over the phone were "the heart of the lawsuit"); *BDD Grp., LLC v. Crave Franchising, LLC*, 749 F. Supp. 3d 852, 860 (E.D. Mich. 2024) (finding purposeful availment where an individual defendant's contacts with the plaintiff induced him to enter a franchise agreement and contained misrepresentations that formed the basis of the plaintiff's claim).

Second, the suit here arises out of individual Defendants' contacts with the forum state. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 553 (6th Cir. 2007). This is a "lenient standard"—it requires only that "a defendant's contacts with the forum state are

15

related to the operative facts of the controversy." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002) (quoting *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996)). Here, where Plaintiffs allege that individual Defendants personally made false representations that led to the business relationship at the center of the lawsuit, the suit undoubtedly arises out of individual Defendants' contacts with Michigan. *See, e.g.*, *BDD Grp., LLC*, 749 F. Supp. 3d at 861 (finding this prong satisfied where an individual defendant's misrepresentations induced the plaintiff into entering a franchise agreement with the corporate defendant).

Finally, the exercise of personal jurisdiction over individual Defendants is reasonable. *Theunissen*, 935 F.2d at 1460. Where, as here, there is purposeful availment, and a suit arises out a defendant's contacts with the forum state, "there is an inference of reasonableness and 'only the unusual case will not meet this third criteria.'" *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 903-904 (6th Cir. 2017) (quoting *Air Prods. & Controls, Inc.*, 503 F.3d at 554). Several factors inform the reasonableness inquiry, including "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining

16

relief; and (4) other states' interest in securing the most efficient resolution of the policy." *Air Prods. & Controls, Inc.*, 503 F.3d at 554–55.

While defending a lawsuit in Michigan undoubtedly places a burden on individual Defendants, the fact that Defendants live in California "does not overcome the inference of reasonableness." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 552 (6th Cir. 2016). Additionally, Plaintiffs have an obvious interest in pursuing their claims, and Michigan has an obvious interest in protecting Michigan-based Plaintiffs. *See, e.g.*, *Air Prods. & Controls, Inc.*, 503 F.3d at 555 (noting that "Michigan clearly has an interest in protecting a company whose principal place of business is located in Michigan"); *MAG IAS Holdings, Inc.*, 854 F.3d at 904 (noting that "Michigan has at least some interest in" a suit involving "injury to a business located in Michigan"). Under these circumstances, Defendants have not overcome the inference of reasonableness.

Personal jurisdiction over individual Defendants is therefore consistent with constitutional due process, as well as Michigan's long-arm statute. Accordingly, Defendants' objection—in which they disagree

17

with the R&R's conclusion that the Court may exercise personal jurisdiction over individual Defendants—is overruled.

## IV. Conclusion

For the reasons set forth above, Defendants' objection (ECF No. 41) is OVERRULED. The R&R (ECF No. 40) is ADOPTED, and Defendant's motion to dismiss (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated: September 15, 2025         s/Judith E. Levy
    Ann Arbor, Michigan         JUDITH E. LEVY
                                              United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2025.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager