UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DV Injury Law, PLLC, *et al.*,

                       Plaintiffs,      Case No. 24-cv-12772

v.                              Judith E. Levy
                                United States District Judge

Tort Private Investigations, LLC,
*et al.*,                        Mag. Judge Anthony P. Patti

                     Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE ON DEFENDANT EILEEN LEE AND TO EXTEND THE TIME TO SERVE THE SUMMONS [63]

Before the Court is Plaintiffs DV Injury Law, PLLC; HAH, LLP; and Heilbrun Legal, LLP's motion for alternate service on Defendant Eileen Lee and to extend the time to serve the summons. (ECF No. 63.) For the reasons set forth below, the motion is granted.

On October 6, 2025, Plaintiffs filed a third amended complaint that added Lee as a Defendant. (ECF No. 48.) Summons was issued for Lee on October 14, 2025. (ECF No. 54.) In their motion, Plaintiffs seek permission to serve Lee by posting the summons and third amended

complaint on the front door of her residence located at 3925 Aristotle Circle, Rancho Cordova, CA 95742. (ECF No. 63, PageID.2783, 2787.) Plaintiffs also ask that the Court "extend[ ] the time to serve Lee to the date which is 14 days after the date of the Court's order." (*Id.* at PageID.2787.) Attached to Plaintiffs' motion are a proof of service form signed by a process server as well as affidavits—one signed by Plaintiffs' counsel and another signed by a paralegal at Plaintiff's counsel's law firm—that document Plaintiffs' unsuccessful service attempts and Plaintiffs' efforts to request that Lee waive service. (ECF No. 63-1, PageID.2796; ECF No. 63-2, PageID.2798–2800; ECF No. 63-3, PageID.2809–2810.) The proof of service form and the affidavits are signed under penalty of perjury. (ECF No. 63-1, PageID.2796; ECF No. 63-2, PageID.2800; ECF No. 63-3, PageID.2810.)

Federal Rule of Civil Procedure 4(e) states that an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

> (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In Michigan,[1]

> [p]rocess may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

If a party "show[s] that service of process cannot reasonably be made as provided by [Michigan Court Rule 2.105], the court may by

---

[1] The Court considers Michigan law in deciding Plaintiffs' motion because that is the state law Plaintiffs reference in their filing. (ECF No. 63, PageID.2784, 2791–2792.) *See* Fed. R. Civ. P. 4(e)(1) (allowing service on an individual "in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located").

order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). The party moving for an alternate means of service "must set forth sufficient facts to show that process cannot be served under [Michigan Court Rule 2.105] and must state the defendant's address or last known address, or that no address of the defendant is known." Mich. Ct. R. 2.105(J)(2).

Here, Plaintiffs demonstrate that service of process cannot reasonably be made as provided in Michigan Court Rule 2.105. The process server attempted to serve Lee personally at her residence at 3925 Aristotle Circle. (ECF No. 63, PageID.2785; ECF No. 63-1, PageID.2796.) The personal service attempts took place on three dates in November 2025 and at different times of day. (*Id.*) Regarding his first service attempt on November 13, 2025 at 7:11 p.m. PST, the process server noted that there was a "[d]oorbell camera, no answer, cameras on the home, no cars in the driveway, house looks dark inside, [and] no answer[ ] at the neighbors [sic] homes." (ECF No. 63-1, PageID.2796.) When the process server returned to 3925 Aristotle Circle on

November 15, 2025 at 3:29 p.m. PST, there was "[n]o answer at the door, [and] no cars on the driveway." (*Id.*) The process server "left a note on the door." (*Id.*) The "blinds [were] closed," so he "c[ould]n't see into the home." (*Id.*) The process server observed "tire tracks that look[ed] like they are coming in and out of the garage," which led him to conclude that "more then [sic] likely they park in the garage." (*Id.*) There was "no answer at the neighbors [sic] homes." (*Id.*) The process server again tried to serve Lee at 3925 Aristotle Circle on November 18, 2025 at 9:00 a.m. PST. (*Id.*) The process server described that service attempt as follows:

> As I was pulling up in front of the address I noticed the garage door opening so I jumped out of my vehicle and started to run over and a women [sic] in a grey car looked like a Toyota car pulled out of the garage, and she saw me running up, and so I yelled to her that I had a delivery and waved to her and showed her the documents, and yelled that I had legal documents to deliver. She sped off down the street and the garage door closed, but I could see another vehicle in the garage. I knocked several times and rang doorbell no one came out. The note I left last time was gone so I left another note. They are definitely evading service.

(*Id.*)

Plaintiffs also attempted to serve Lee by certified mail. On November 19, 2025, Plaintiffs sent the summons and complaint to Lee

by certified priority mail with delivery restricted to Lee at 3925 Aristotle Circle. (ECF No. 63, PageID.2786; ECF No. 63-2, PageID.2799.) The package "was delivered to the Lee Residence and 'left with individual' on November 24, 2025 at 5:12 p.m." (ECF No. 63-2, PageID.2800; *see id.* at PageID.2807; ECF No. 63, PageID.2786.) But Plaintiffs' counsel have not received "[t]he return receipt 'green card.'" (ECF No. 63, PageID.2786.)

In addition, Plaintiffs sent documents to Lee at 3925 Aristotle Circle by priority mail to request that she waive service of the summons under Federal Rule of Civil Procedure 4(d). (ECF No. 63, PageID.2785–2786; ECF No. 63-2, PageID.2798–2799; ECF No. 63-3, PageID.2809.) This package "was delivered to the Lee Residence on November 21, 2025 at 3:26 p.m." (ECF No. 63-2, PageID.2799–2780; *see id.* at PageID.2805; ECF No. 63, PageID.2785–2786.) On December 1, 2025, Plaintiffs' counsel Eric Esshaki texted Lee and left her a voicemail regarding the waiver of service package. (ECF No. 63, PageID.2786; ECF No. 63-3, PageID.2809, 2812.) Esshaki asked Lee "to review and return the waiver of serving the summons." (ECF No. 63-3, PageID.2810; *see id.* at PageID.2812; ECF No. 63, PageID.2786.) He

6

"stated [that] if she did not do so, Plaintiffs would proceed with formal service or seek alternate service." (*Id.*) Lee did not respond to Esshaki's text message or voicemail. (ECF No. 63, PageID.2786–2787; ECF No. 63-3, PageID.2810.) And Plaintiffs' counsel have not received the waiver form from Lee. (ECF No. 63, PageID.2785, 2787; ECF No. 63-3, PageID.2810.)

In light of the information provided by Plaintiffs in their motion, Plaintiffs make a sufficient showing that service on Lee cannot reasonably be made by the prescribed means under Michigan Court Rule 2.105.

Plaintiffs' proposed method of alternate service is likely to provide actual notice to Lee. Plaintiffs request permission to serve Lee by posting the summons and third amended complaint on the front door of her residence at 3925 Aristotle Circle, Rancho Cordova, CA 95742. (ECF No. 63, PageID.2783, 2787.) "Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a 'manner reasonably calculated to give the defendant actual notice,' especially when accompanied by a mailing." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2011 WL 5599388, at *1

(E.D. Mich. Nov. 16, 2011) (citing *Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam)). In this case, Plaintiffs have already mailed two packages with service-related documents to Lee. Accordingly, the Court will permit Plaintiffs to serve Lee by posting as specified above—without requiring an additional mailing.

Moreover, the Court finds that Plaintiffs have made a showing of good cause to extend the service deadline. Under Federal Rule of Civil Procedure 4(m), "the court must extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure" to serve a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)). The facts presented in Plaintiffs' motion demonstrate that Plaintiffs have made a reasonable and diligent effort to complete service in a timely manner and that Lee appears to be evading service. Accordingly, the Court finds that Plaintiffs have shown

8

good cause under Rule 4(m). The service deadline is extended fourteen days from the date of this order.

For the reasons set forth above, Plaintiffs' motion for alternate service on Lee and to extend the time to serve the summons (ECF No. 63) is GRANTED. Plaintiffs may serve Lee with the summons and third amended complaint by posting the summons and third amended complaint to the front door of her residence at 3925 Aristotle Circle, Rancho Cordova, CA 95742. The deadline for Plaintiffs to serve Lee is now fourteen days from the date of this order.

IT IS SO ORDERED.

Dated: February 25, 2026          s/Judith E. Levy
        Ann Arbor, Michigan       JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2026.

s/Caitlin Shrum
CAITLIN SHRUM in place of
WILLIAM BARKHOLZ
Case Manager

9